Caffee *agt* Bertrand.

———————

CAFFE, plaintiff in error, *agt.* BERTRAND, defendant in error.

*Questions discussed.*

1. Whether the rule of damages, in an action of trover, is the value of the goods at the time and place of conversion?

2. Where there is conflicting testimony upon the subject of damages in such an action, whether the rule of damages is a question of law, not to be submitted to the jury?

This was an action of trover, tried in the New-York common pleas, in September, 1843. Bertrand sued Caffe for a large quantity of looking-glasses.

The plaintiff proved by his sister, Mary Walden, that the

looking-glasses were brought by the plaintiff from Mainz, Germany. She assisted in packing them, and acted as clerk for the plaintiff; knew the prices of all the glasses. The value in gross was from $1,200 to $1,500 of the currency of this country, but the value she meant to speak of in that country.

George Bertrand, a witness, brother of plaintiff, proved that the value of the glasses was 2,600 florins.

Leopold Haas, witness for plaintiff, proved that Caffe, the defendant, acknowledged that he had received the goods, and that he had sold them for the account of the creditors of Bertrand, and would not pay any thing to Bertrand; and exhibited a judgment of a criminal court in Europe against Bertrand, and some letters authorizing him to keep possession of the goods and to sell them for the benefit of the creditors of Bertrand. Haas, the witness, proved that Bertrand demanded the goods of Caffe and tendered and offered to pay him all charges and duties, which was declined, and the goods retained by Caffe. The invoice of the goods was also proved by this witness.

Isidore Raphael, a witness for plaintiff, proved the value of the glasses at $1,500.

Barnabas Bates, a witness for defendant, proved that he appraised these goods, as one of the appraisers of the customs, at the market value of similar goods in New-York, at about $600, after deducting the broken glasses.

The defendant then introduced in evidence the proceedings and judgment of a criminal court of Mainz, Germany, against the plaintiff personally.

The plaintiff introduced in evidence two original invoices or bills rendered by the original owners of the goods to plaintiff.

The court charged the jury, and after recapitulating the facts, stated to the jury, that the evidence as to the value of the goods was conflicting: that the witnesses for the plaintiff estimated it at sums varying from $1,200 to $1,800, while the witness called on the part of the defendant valued it in New-York at about $600, and the court left it to the jury to decide from the testimony what was the fair market value of the glasses.

The court further charged the jury, that the proceedings, instead of being a decree or judgment in bankruptcy, appear to

15

Caffe *agt.* Bertrand.

be a judgment against the plaintiff on a prosecution in a criminal court. That the proceedings appeared to be those of a court exercising criminal and not civil jurisdiction, and that although, as between a bankrupt and his assignees, where the dispute rested exclusively between them, and no rights of other persons were in any degree involved, he was of opinion, that the courts of this country would give effect to a decree of a foreign court, declaring a party to be a bankrupt, and transferring his property to assignees for the benefit of his creditors, yet that he did not view the proceedings given in evidence in that light, nor as affecting the title to the plaintiff's property in respect thereof, save the jury should be of opinion, from the evidence, that the plaintiff purchased the property fraudulently, not intending to pay for the same. That if, from the other testimony in the cause, the jury should be so inclined, that the said alleged record was evidence in respect thereof, but was not of itself evidence to establish a change or legal transfer of title. That if the jury should be of opinion, that the plaintiff had only been unfortunate in business, and was only unable to pay his debts through misfortune, without fraud, that that would not change the title to the property. But that if the jury should be satisfied that the plaintiff purchased the property fraudulently, or without intending to pay for it, that the said alleged criminal record was evidence in such view of the case, and that the jury should so view the said record, and not otherwise. And that if they should come to the conclusion that he did purchase the property fraudulently, then in such case, that the plaintiff could not recover, but otherwise, that the plaintiff was entitled to the value of the property, the fair market value.

To which part of said charge, as relating to the criminal record, the plaintiff's counsel excepted, on the ground above stated, as to the introduction of the same in evidence when offered. And further, on the ground that the same was irrelevant, and improperly admitted in evidence, by a mistake attributable to the appellative of the defendant's counsel, when offering the same in evidence, "A judgment or decree in bankruptcy," and by which plaintiff's counsel had been taken by surprise. And that when translated, and when the court had discovered that

Caffe *agt*. Bertrand.

it was a criminal record against the person of the plaintiff, the court should, at once, have struck the same out of the evidence in the cause, as irrelevant to the issue, and should have instructed the jury to disregard the same; and the court did thereupon note the exception of plaintiff's counsel; and the counsel for the defendant excepted to the charge upon the following points, viz.:

1. That there was no evidence of the value of the property at the time of the alleged conversion, except that of Mr. Bates, and that the jury ought not to have been allowed to take the estimates of the plaintiff's witnesses of the value in Germany as their guide.

2. As to so much of the charge which denied any force or effect to the proceedings of the court of Mainz.

The jury found a verdict for the plaintiff for $775 damages and six cents costs.

Whereupon, the court at general term confirmed the verdict of the jury, with costs, if the plaintiff remitted of the damages so given the surplus of the valuation of the property, to the valuation of the same as established by the testimony of the witness Barnabas Bates; otherwise, a new trial was ordered, with costs to abide the event of the suit.

The amount remitted by the plaintiff was $277,70, and thereupon judgment was entered for plaintiff for the residue of the damages, $547,36, and costs, $350,42.

The defendant thereupon brought a writ of error and removed the judgment to the supreme court, where, in July term, 1846, the judgment of the common pleas was affirmed.

BRONSON and JEWETT, J. J., for, and BEARDSLEY, J., against affirmance.

The defendant then brought a writ of error, and removed the judgment to this court.

*E. H. Owen, Attorney and*

*F. B. Cutting, Counsel* for plaintiff in error.

☞ We make here only the question of damages. ☜

*First.* The rule of damages in an action of trover is the value of the goods at the time and place of conversion. (*Dillenback*

v. *Jerome et al.*, 7 *Cow.* 294; *Kennedy* v. *Strong*, 14 *John.* 128, 132.) And the rule of damages is a question of law, not to be submitted to the jury. (*Baker* v. *Wheeler*, 8 *Wend.* 505.)

*Second.* The property in question having come lawfully into the possession of the plaintiff in error, as consignee thereof, there was no conversion until in the year 1840, when the defendant in error made his demand therefor in the city of New-York. The value, at this time and place, was the only legal rule of damages.

*Third.* There was no witness examined, and no evidence given of the value of the property at the time and place of the alleged conversion, except that of Mr. Bates, who valued it at about $600. The judge erred in submitting to the jury, as a guide for their verdict, the estimates of the plaintiff's witnesses, who testified only to the value in Germany.

*Fourth.* The attention of the court was particularly called to the point by the defendant's counsel, who excepted to this part of the charge.

*Fifth.* The verdict shows, that the damages found by the jury were not assessed upon the value of the goods in New-York, at the time of the conversion, viz.:

Value in New-York, . . . . . . . . . . . $600,00
Charges paid by the plaintiff in error, and admitted by
    the defendant in error to be correct. (*Case, fol.* 55,) 251,68

Value in New-York, . . . . . . . . . . . 348,32
The jury found a verdict for . . . . . . . . 775,00

*Sixth.* There was no conflict of evidence as to the value in New-York. The charge is erroneous; it misled the jury; the judgment ought to be reversed with costs.

E. H. Owen, <i>Attorney for plaintiff in error.</i><br>F. B. Cutting, <i>of Counsel.</i>

☞ Reply.—If exception well taken, could not be cured by entering a remittitur of damages. ☜

*Peter Wilson, Attorney and*
*Azor Taber, Counsel* for defendant in error.

*First.* The first of the two exceptions taken by the plaintiff

in error (*fol.* 111) affords no ground for reversing the judgment.

1. Three witnesses for plaintiff below, on the trial of the issue, (*fols.* 23, 24, 30, 31, 35, *and* 54,) and one for the defendant below, on such trial, (*fols.* 59 *and* 60,) had testified to the value of the property, *without* objection, and the judge merely submitted (*fols.* 104, 105) this evidence to the jury, as it was his duty to do. To this, certainly, no exception could be taken. If the defendant desired that the judge should strike out part of this evidence, or lay down the legal rule of damages, he should have requested him to do so, and excepted if he refused. (*Law* v. *Merills,* 6 *Wend.* 274; *Pemrock* v. *Dealogue,* 2 *Pet.* 15.)

2. The exception misstates defendant's evidence, assuming it related to the value of the property at the time of the conversion, when Bates merely proved its value about five months before the conversion, (*fols.* 58 *and* 40, 41.) It misstates our evidence, assuming it all related to the value in Germany, when one witness proved (*fol.* 54) its value in New-York at the time of the trial. It assumes as law, that the measure of damages was the value of the property at the time mentioned by Bates, five months before the conversion, when the true legal measure is the greatest value at any time between the conversion and the time of the trial, with interest on that value. The judge was not bound to sift out of these errors of law and fact, something for the benefit of the party excepting. (*Ex parte Crane,* 5 *Pet.* 198; *West* v. *Wentworth,* 3 *Cow.* 82.)

And, besides, all the damages which could have resulted from this evidence is remitted, though it clearly ought not to have been.

*Second.* The remaining exception (*fol.* 111) is wholly unfounded. There is no such part of the charge as that excepted to. If there had been, it would, for a multitude of obvious reasons, have been good law. (1*st vol: 2d part, Star. Evidence,* 195, 6*th ed.,* 1830.)

> P. WILSON, *Attorney for defendant in error.*
> AZOR TABER, *of Counsel.*

☞ No exception that is available. 2. We gave away

$50, and then defendant brings error. Just $50 too much was deducted by writing ninety for forty. (9 *Cowen,* 32; 6 *Wend.* 274; 8 *Wend.* 109; 12 *Wend.* 504; 2 *R. S.* 618, §§ 32, 33. Double costs.)

DECISION.—Judgment affirmed. Unanimous.

NOTE.—The principal point established in this case seems to be, that the value of foreign goods, in an action of trover, is to be ascertained by the custom-house appraisal of them here, if made near the time of conversion.

*Not reported.*